**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **1:12-CR-194** |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **TYSHAWN GREENLOVE,** : | |
| **Defendant** : | |

**MEMORANDUM**

**I.   BACKGROUND**

On June 5, 2020, defendant Tyshawn Greenlove, an inmate at FCI Fort Dix, New Jersey, filed, through counsel, a Motion for Compassionate Release, pursuant to 18 U.S.C. §3582(c)(1)(A), and a request for release from his 151-month sentence to home confinement with his fiancée based on the COVID-19 pandemic and his medical conditions. (Doc. 1387).[1]

Greenlove states that FCI Fort Dix has had nearly 40 positive cases of COVID-19 among staff and inmates, and that conditions in the prison make the spread of the virus more likely since CDC recommendations, such as social distancing, are not being followed making the prison unsafe. In fact,

---

[1] It appears that Greenlove filed a duplicate motion on the same day. (Doc. 1388).

1

Greenlove alleges that "FCI Fort Dix is not following the BOP's response plan to the COVID-19 pandemic and is not following the CDC's guidelines for limiting the spread of COVID-19." He also asserts that he qualifies for release under the statute since he has served 75% of his sentence and his projected release date is April 30, 2022. He further alleges that he is a non-violent offender serving a sentence for distribution and possession with intent to distribute crack cocaine, and that he has taken classes in prison and participates in the Residential Drug Treatment Program. Greenlove alleges that his medical conditions of high blood pressure and diabetes, "put him in danger of having a very serious negative reaction to [the COVID-19 virus]" if he contracts it. Both the government and Greenlove submitted copies of his BOP medical records indicating that he has been diagnosed with the stated conditions. Greenlove also points out that he has a family history of heart disease.

Based on the above, Greenlove requests the court order the Bureau of Prisons ("BOP") to release him from prison to serve the remainder of his sentence on home confinement with his fiancée in Harrisburg, Dauphin County, Pennsylvania. Greenlove also states that he has been offered a job if he is released from prison with Fineline Auto Group, LLC, and submitted an Exhibit as support. (*See* Doc. 1378 Ex. B). Greenlove, age 42, is not in the high risk age category regarding COVID-19. Also, BOP records indicate that Greenlove was medically cleared to perform regular duty work with no restrictions. (Doc. 1392 at 87).

On June 16, 2020, the government filed its response in opposition to Greenlove's motion. (Doc. 1390). The government also filed Greenlove's BOP medical records under Seal. (Doc. 1392). On June 19, 2020, Greenlove filed a reply brief with attached Exhibits, including copies of his medical records. (1394).

Initially, Greenlove contends that the Warden's responses denying his requests indicate that he has exhausted his administrative remedies. Specifically, Greenlove states that he filed an initial compassionate release request with the Warden on April 1, 2020. The Warden responded to the request on April 27, 2020, explaining that Greenlove's request lacked required information. Greenlove then submitted a second request for compassionate release on April 29, 2020, and an amendment to that request on May 2, 2020. (Doc. 1387 at 5 & Ex. A). According to the government, the Warden responded to Greenlove's second request and amendment on May 5, 2020, and May 18, 2020, respectively. The government then represents that the responses of the Warden again advised Greenlove that he needed to provide more information. (Doc. 1390 at 10). In his reply brief, Greenlove neither addresses nor disputes the government's representations regarding the Warden's recent responses to his requests. (*See* Doc. 1395).

Rather than proceed with his administrative request to the Warden for compassionate release and submit the additional information required as directed in the Warden's May 18, 2020 response, or appeal the Warden's response through the BOP administrative remedy process, Greenlove filed

3

his instant motion with this court requesting compassionate release under 18 U.S.C. §3582(c)(1)(A).

Greenlove and the government assert that this court has jurisdiction since defendant filed his instant motion over 30 days after he submitted his first and second requests to the Warden despite the fact that he has not given the Warden the opportunity to respond to a proper request with the required information, as directed. Nor did Greenlove appeal any of the Warden's responses through the BOP administrative remedy process. Since the Warden responded to Greenlove's April 29, 2020 and May 2, 2020 requests advising him that more information was required, he is still in the midst of the administrative remedy process. This court finds that Greenlove has not exhausted his administrative remedies as required, and that the court cannot waive the exhaustion requirement.

Thus, to the extent Greenlove requests the court to direct the BOP to release him from prison to home confinement, or to amend his sentence to allow him to serve the remainder of his prison term in home confinement, due to COVID-19 and his medical conditions, his filing is a motion for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i), and it will be dismissed without prejudice for lack of jurisdiction due to his failure to exhaust his BOP administrative remedies.

To the extent that Greenlove may be deemed as seeking the court to order the BOP to find him eligible for immediate home confinement designation under the Coronavirus Aid, Relief, and Economic Security Act

(the "CARES Act"), Pub. L. 116-136, §12003, the court does not have authority to grant his request for relief and order the BOP to release him to home confinement.

## II.    DISCUSSION[2]

In his present motion, defendant Greenlove requests the court order the BOP to immediately transfer from FCI Fort Dix to home confinement and requests the court allow him to serve the remainder of his 151-month prison sentence in home confinement due to his fear of the COVID-19 pandemic and his fear that he may suffer more severe complications if he contracts the virus due to his medical conditions. Greenlove's filing is a motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A). Based on these allegations, Greenlove contends that there exists extraordinary and compelling circumstances warranting his release from prison to home confinement.[3]

---

[2]Since the background of Greenlove's criminal case is stated in the government's opposition brief, (Doc. 1390 at 1-3), it shall not be repeated herein. Suffice to say that Greenlove is currently serving a 151-month prison sentence, after he pled guilty to distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §841. The court also sentenced defendant to 3 years supervised release.

[3]Since the government included in its response the safety measures implemented by the BOP in response to the COVID-19 virus, (Doc. 1390 at 3-9), and since this court is well-aware of all of the safety measures implemented by the BOP, *see* Cordaro, 2020 WL 2084960, and since many of the measures are found on the BOP's website, they are not repeated. *See also* BOP website: www.bop.gov/coronavirus/index.jsp. The court has also

5

In its response, (Doc. 1390 at 13-14), the government initially states that "[b]ecause Greenlove submitted a compassionate-release request to the warden and waited 30 days before filing his present motion, he satisfied §3582(c)(1)(A)'s exhaustion requirement." (citing United States v. Alam, --- F.3d---, 2020 WL 2845694, *3 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.")).

The government then argues that the court should deny Greenlove's motion for compassionate release from prison to home confinement based on the merits. Greenlove also assert that he has met the exhaustion requirement under 18 U.S.C. §3582(c)(1)(A). Nonetheless, the court finds that Greenlove's motion should be dismissed for lack of jurisdiction because he has not exhausted his administrative remedies. This court has found that the exhaustion requirement is "mandatory" and that since Greenlove filed his instant motion with the court before exhausting his administrative remedies with the BOP, this court is "without jurisdiction to entertain the motion." *See* Untied States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Although the government cites to the Sixth Circuit Court of Appeals, this court is bound to

---

reviewed the May 26, 2020 Memorandum from Ken Hyle, BOP Assistant Director/General Counsel to the Honorable Ricardo S. Martinez, Chair of the Judicial Conference Criminal Law Committee, regarding updated information from the Bureau of Prisons with respect to its response to the COVID-19 pandemic and about revised screening procedures for new inmates being confined in federal prisons to reduce the spread of the virus.

6

follow the Third Circuit and the Raia case. *See also* United States v. Blevins, 2020 WL 3260098, *2 (S.D. Miss. June 16, 2020) ("The statute [18 U.S.C. §3582(c)(1)(A)] does not provide an exception to this mandatory statutory exhaustion requirement, equitable or otherwise.") (citing United States v. Koons, 2020 WL 1940570, at *3 (W.D.La. Apr. 21, 2020) ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute."); United States v. Martin, 2020 WL 3065302, at *3 (S.D.Miss. June. 9, 2020)) (district court criminal nos. omitted).

Also, as indicated, Greenlove does not have any medical limitations that affect his ability to work any jobs offered in the BOP, and he does not claim to have contracted COVID-19, or to have had contact with anyone who contracted COVID-19.

The Warden responded to all of Greenlove's requests in a timely manner within the 30-day period, and repeatedly advised defendant that more information was required. (Doc. 1390 at 10). Instead of then submitting the additional required information after he received the Warden's May 18, 2020 response to his May 2, 2020 amended request, or appealing the Warden's responses, Greenlove filed his instant motion with this court on June 5, 2020.

Regarding exhaustion in this case, the court must first consider whether Greenlove has exhausted his BOP administrative remedies despite the government's misplaced concession on this issue. *See* Blevins, 2020 WL

7

3260098, *2 (Court first considered the exhaustion issue even though "the Government seem[ed] to concede that there has been exhaustion", and the court then found that "the Defendant failed to exhaust his administrative remedies" and dismissed his motion.).

As stated, Greenlove received a response from the Warden on May 18, 2020 regarding his amended request for compassionate release, and advised him that more information was required. It does not appear that defendant submitted the additional information as he was directed to do. Nor does he claim to have appealed the latest response from the Warden, if construed as a denial of his request, *via* the BOP's administrative remedy process. Also, since the Warden timely responded to all of Greenlove's requests, Greenlove cannot directly file his motion with the court without exhausting his administrative remedies. *See* Blevins, 2020 WL 3260098, *3 ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute.") (citation omitted). "Therefore, a defendant does not satisfy the exhaustion requirement of §3582(c)(1)(A) if he does not appeal the warden's decision to deny compassionate release." *Id.* (citing United States v. Pinson, 2020 WL 2771343, at *3 (S.D.Tex. May 28, 2020) ("finding defendant's failure to appeal the warden's denial of compassionate release meant that he failed to exhaust his administrative rights"). If the Warden fails to respond to the inmate's request within 30 days, then he can file his motion for

compassionate release with the court without fully exhausting his BOP administrative remedies.

As the court in United States v. Smith, 2020 WL 2063417, *2 (N.D.Oh. April 29, 2020), explained:

> Smith has also failed to fully exhaust his administrative remedies with respect to his original motion. Because the Warden explicitly denied his 2019 request for compassionate release, Smith needed to exhaust by appealing the Warden's decision. *See* 28 C.F.R. §542.15(a); *see also* B.O.P. Program Statement 5050.50 §571.63 (citing the Administrative Remedy Program appellate procedure as the proper method of administratively appealing a denied §3582(c)(1)(A)); *see, e.g.*, United States v. Brummett, 2020 WL 1492763, at *1-2 (E.D.Ky. Mar. 27, 2020)(denying request for compassionate release due to COVID-19 for failure to exhaust because inmate did not appeal warden's denial of his request for a reduction in sentence).

Recently, in United States v. Early, 2020 WL 2572276, *3 (W.D.Pa. May 21, 2020), the court considered a similar exhaustion issue as presented in the instant case, and stated: "Warden Williams responded to Defendant's request [for compassionate Release/Reduction in Sentence] within 30 days of receipt. Consequently, Defendant is obligated to complete the administrative appeal process. Therefore, this Court finds that Defendant has failed to exhaust his administrative remedies." The court in Early, *id.*, also stated that the court may not waive the exhaustion requirement and that "exhaustion of [defendant's] administrative remedies is mandatory." (citing United States v. Raia, 954 F.3d 594 (3d Cir. 2020)). "In Raia, the Court of Appeals emphasized the BOP's statutory role and extensive efforts to control the spread of Covid-19, and held that the 'exhaustion requirement takes on

added – and critical – importance.'" *Id.* (quoting Raia, 954 F.3d at 597). "The BOP is in the best position to consider the myriad of factors necessary in rendering a decision." *Id.*

Greenlove, like the defendant in the Early case, *id.* at *2, contends that the exhaustion requirement is satisfied because he filed his requests over 30 days before he filed his instant motion, despite the fact that the Warden responded to his requests within the 30-day time frame provided for in the First Step Act.

The court in Early, *id.* at *3, explained:

> Defendant's reading of the statute is misplaced. Courts have interpreted the statue to mean that an inmate must fully exhaust his administrative remedies unless his or her warden does not respond to the inmate's request within 30 days. *See* United States v. Nance, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020). In other words, a defendant must wait to file a motion with this Court until either his administrative request related to compassionate release is denied and he fully exhausts all administrative rights to appeal or thirty days have passed from the date he made the application *with no response from the warden*, whichever occurs first. *Id.* ("[C]ases indicate that this statutory exhaustion requirement has been interpreted to excuse full exhaustion of administrative remedies only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request."), citing, United States v. Bolino, 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020). *See also*, United States v. Bevans-Silva, 2020 WL 2475079 (S.D. Ga. May 13, 2020); United States v. Samuels, 2020 WL 2499545, at *2 (W.D. La. May 13, 2020); United States v. McCallister, 2020 WL 1940741, at *2 (W.D. La. April 21, 2020); United States v. Rodriguez, ___ F.Supp.3d ___, ___, 2020 WL 1627331, at *3 (E.D. Pa. Apr. 1, 2020) ("Under the First Step Act ... it is possible for inmates to file compassionate-release motions—under the 30-day lapse provision—when their warden never responds to their request for relief."); United States v. Mattingley, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020);

United States v. Keith, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019)(To exhaust administrative remedies, a defendant "first submits his request to BOP and either (1) complete the administrative appeal process, if BOP denies his request; or (2) wait 30 days from BOP's receipt of his request to deem its lack of response a denial of his request."). [District Court criminal nos. omitted].

In United States v. Solomon, 2020 WL 2768897, *3 (W.D.Pa. May 28, 2020), the court stated, "[c]ourts have interpreted [18 U.S.C. §3582(c)(1)(A)] to mean that an inmate must fully exhaust his administrative remedies unless his or her warden does not respond to the inmate's request within 30 days." (citing Early, 2020 WL 2572276, at *3). This court concurs with Early, Solomon, and Blevins, as well as the cases to which they cite, and finds that Greenlove must wait to file a motion with the court after he fully exhausts all administrative rights with respect to the Warden's responses to his administrative requests for compassionate release since the Warden responded to his requests within 30 days from the date he submitted them. *See id.* (citing Early, 2020 WL 2572276, at *3).  *See also* United States v. Martin, 2020 WL 3065302, *3 (S.D.Miss. June 9, 2020) (Court "agree[d] with those courts interpreting the 'lapse' provision [i.e., the language in 18 U.S.C. §3582(c)(1)(A) providing that the court can consider a motion for compassionate release after the "lapse of 30 days from the receipt of such a request by the warden"] as having a futility component: it applies only when the BOP has failed to respond to a compassionate-release request within 30 days of its submission. If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court

11

may consider his motion to modify his sentence under the statute.") (citing Early, 2020 WL 2572276, at *3; Blevins, 2020 WL 3260098, *3 ("Inasmuch as [defendant's] request was denied [by the warden] before the lapse of 30 days, he is required to fully exhaust his administrative remedies before the Court may hear his Motion. There is no evidence that [defendant] appealed the warden's decision with the BOP. By failing to appeal the warden's decision to the Regional Director, [defendant] has not fully exhausted his administrative rights and the suit must be dismissed."); United States v. Ng Lap Seng, ---F.Supp.3d---, 2020 WL 2301202, *5-6 (S.D.N.Y. May 8, 2020)).

In Ng Lap Seng, 2020 WL 2301202, *5-6, the Court held that section 3582(c)'s "exhaustion requirement is clearly statutory and therefore mandatory" and, did not agree with courts that have "interpreted 'lapse of 30 days from the receipt of such a request by the warden,' 18 U.S.C. §3582(c)(1)(A), to mean that the statute's exhaustion requirement is satisfied merely upon the passage of 30 days from the date the warden receives a defendant's request that the BOP file a compassionate release motion on its behalf, regardless of whether the BOP has failed to take action on the request." The court stated that this "first reading would also—in many cases—render the statute's provision regarding full exhaustion of administrative remedies meaningless, as defendants like Ng would forego appealing a warden's denial of their compassionate release request if the 30-day period was nearing an end." *Id.* The court in Ng Lap Seng then "agree[d] with the courts that have interpreted Section 3582(c)(1)(A)'s 'lapse'

12

language as requiring the BOP's failure to respond to a prisoner's request for a compassionate release motion within thirty days, giving the court discretion to hear a compassionate release motion if the BOP has failed to timely consider the request." *Id.* at *6. The court also explained that "given the BOP's regulations regarding its deadlines for considering compassionate release requests, it is unlikely in the normal case that a defendant could exhaust his administrative remedies within 30 days", and that "[i]f Congress desired to so fundamentally change the compassionate release process by circumventing the BOP's full administrative review, Congress could have used clearer language, as it did elsewhere in the First Step Act." *Id.* The court then concluded that "[b]ecause I read Section 3582(c)(1)(A)'s 'lapse of 30 days' language to require the BOP's failure to respond to a compassionate release request within thirty days of its submission to the BOP, I conclude that Ng must fully exhaust the BOP appeals process to satisfy Section 3582(c)(1)(A)'s exhaustion requirement", and that the defendant "has not yet satisfied this exhaustion requirement due to his failure to fully appeal the warden's denial of his request." *Id.* at *7. The court in Ng Lap Seng also indicated that if Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, then the government can waive the affirmative defense of exhaustion. Conversely, if Section 3582(c)(1)(A)'s exhaustion requirement is jurisdictional, as this court finds it is based on Raia, then the government cannot waive the exhaustion issue and the court must be satisfied that it has jurisdiction to consider the merits of a defendant's motion for compassionate

13

release. As indicated, this court has found that exhaustion of administrative remedies is mandatory under 18 U.S.C. §3582(c)(1), *see also* Blevins, 2020 WL 3260098, *2, and since Greenlove has not exhausted his remedies with respect to the Warden's May 18, 2020 response to his amended request, this court does not have jurisdiction to grant his request for compassionate release.

This court concurs with the court in Ng Lap Seng as well as the courts cited therein, *id.* at *6 (string citations omitted), which have held that "the exception to exhaustion in section 3582(c)(1)(A) 'provides that Defendants can bypass exhaustion altogether if the warden fails to act on an administrative application for compassionate release within 30 days.'" However, if the warden responds to defendant's request within 30 days, then defendant must exhaust all of his BOP administrative rights to appeal the warden's decision as provided by BOP Program Statement No. 5050.50, and "the same exhaustion procedure for routine administrative grievances (i.e., the use of forms BP-9 through BP-11) applies to requests for compassionate release." *Id.* at *7 (citing 28 C.F.R. §542.15(a)). The court notes that since the court in Ng Lap Seng, *id.* at *7, detailed all of the required administrative remedies an inmate must pursue before filing a motion for compassionate release with the court, as well as citations to the applicable websites, they are not repeated herein. *See also* Blevins, 2020 WL 3260098, *3; United States v. Martin, 2020 WL 3065302 (S.D.Miss. June 9, 2020) ("For the reasons articulated by the court in Ng Lap Seng, this Court agrees with those

courts interpreting the 'lapse' provision as having a futility component: it applies only when the BOP has failed to respond to a compassionate-release request within 30 days of its submission. If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute. In this case, Martin says his request was initially denied within the 30-day window, and he does not demonstrate that he fully exhausted that denial. In this procedural posture, the Court 'may not modify [his] term of imprisonment.'") (citing 18 U.S.C. §3582(c)(1)(A)).

This court also interprets Section 3582(c)(1)(A)'s "'lapse of 30 days'" language to require the BOP's failure to respond to a compassionate release request within thirty days of its submission to the BOP", Ng Lap Seng, *id.* at *7, and it finds that defendant Greenlove "must fully exhaust the BOP appeals process to satisfy Section 3582(c)(1)(A)'s exhaustion requirement" since the Warden did respond to his requests within 30 days. Here, the court finds that defendant has not yet satisfied the exhaustion requirement since he has not submitted the required additional information as directed, and since he has failed to fully appeal the Warden's May 18, 2020 decision, if it is construed as a denial of his May 2, 2020 request. In short, simply because defendant submitted his compassionate release request more than 30 days before he filed his instant motion, does not establish that the 30-day requirement for exhaustion of administrative remedies has been met.

Also, to the extent that Greenlove is deemed as attempting to argue futility based on his above stated allegations in his motion, and requests the court to consider the substantive merits of his motion, this court has concurred with the courts that have found that there is no futility exception in 18 U.S.C. §3582(c)(1)(A). *See* Blevins, 2020 WL 3260098, *2 ("The statute does not provide an exception to this mandatory statutory exhaustion requirement, equitable or otherwise."). Further, Greenlove's use of the administrative process by submitting requests with the Warden on April 1, 2020, April 29, 2020, and May 2, 2020, before he filed his instant motion, belies any claimed futility since the Warden timely responded to all of his requests and repeatedly advised defendant that more information was required.

Additionally, the court cannot waive Section 3582(c)(1)(A)'s exhaustion requirement because it is jurisdictional. *See* United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (Third Circuit held that courts cannot consider a request for compassionate release under the First Step Act until the inmate has exhausted his BOP administrative remedies.); United States v. Davila, 2020 WL 2839860, *2 (W.D.Pa. June 1, 2020) ("The exhaustion requirement that applies in this case is explicitly set forth in §3582(c)(1)(A), and, therefore, cannot be excused."); United States v. Pitt, 2020 WL 2098272, *2 (M.D.Pa. May 1, 2020) ("The court cannot overlook [defendant's] failure to exhaust his remedies, as the Third Circuit recently emphasized the need for

'strict adherence' to the exhaustion requirement in the wake of the COVID-19 pandemic.") (citing Raia, 954 F.3d at 597).

Further, even though Greenlove and, inexplicably, the government concur that since he submitted his requests for compassionate release to the Warden and 30 days passed before he filed his instant motion, the court finds that Section 3582(c)(1)(A)'s "lapse of 30 days" language has not been satisfied, permitting judicial consideration of his motion. This court rejects the interpretation of the language "lapse of 30 days from the receipt of such a request by the warden, 18 U.S.C. §3582(c)(1)(A), to mean that the statute's exhaustion requirement is satisfied merely upon the passage of 30 days from the date the warden receives a defendant's request that the BOP file a compassionate release motion on its behalf, regardless of whether the BOP has failed to take action on the request." Ng Lap Seng at *5. As discussed, this court has interpreted the "lapse" language differently and concurs with Early , Blevins, and Lg Lap Seng, as well as the other courts cited in these cases, and finds that "Defendants can [only] bypass exhaustion altogether if the warden fails to act on an administrative application for compassionate release within 30 days." Id. at *6 (citations omitted). But if the warden responds to the inmate's request for compassionate release within 30 days of receiving it, as in the present case, then the inmate must exhaust all of his BOP administrative remedies before seeking judicial relief. *See* Blevins, 2020 WL 3260098, *2 ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court

17

may consider his motion to modify his sentence under the statute."). No doubt that if Greenlove did not agree with the Warden's May 18, 2020 response, he could appeal it through the BOP administrative remedy process by filing a BP-10 form with the Northeast Regional Office. *See id.* at \*3. As such, the court's "interpretation [] foreclose[s] judicial consideration of [Greenlove's] motion until [he] 'fully exhausted all administrative rights to appeal [the] failure of the Bureau of Prisons to bring a motion on [his] behalf ....'" Ng Lap Seng at \*5.

In the present case, just as in Early, 2020 WL 2572276, at \*3, and in Lg Lap Seng, the Warden responded to Greenlove's requests within 30 days of receipt, thus, Greenlove "is obligated to complete the administrative appeal process", and the court finds that "[he] has failed to exhaust his administrative remedies." *Id.*

Secondly, the court cannot yet determine if Greenlove has demonstrated that "extraordinary and compelling reasons" due to the COVID-19 pandemic and his medical conditions warrant a reduction of his sentence, since he has not exhausted his administrative remedies. *See* United States v. Zukerman, ---F.Supp.3d---, 2020 WL 1659880, \*2 (S.D.N.Y. April 3, 2020) ("in order to be entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i), [defendant] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of [her] sentence.") (emphasis added); Raia, 954 F.3d at 597 ("The First Step Act empowers criminal defendants to request compassionate

18

release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies with the BOP.) (citing 18 U.S.C §3582(c)(1)(A)(i)). The Third Circuit in <u>Raia</u>, *id.*, also held that defendant's failure to comply with §3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point."

### III.    CONCLUSION

Greenlove's Motion for Compassionate Release and for Immediate Release to Home Confinement related to the COVID-19 pandemic, **(Doc. 1387)**, will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction due to his failure to exhaust his BOP administrative remedies under §3582(c)(1)(A)(i). An appropriate order will follow.

s/ *Malachy E. Mannion*
            **MALACHY E. MANNION**
            **United States District Judge**

**Dated: June 30, 2020**
12-194-01